PERRY *vs.* CHRISTIE, sheriff.

Where in response to a rule for failure to make the money on an execution, the sheriff showed that an illegality had been filed setting up numerous grounds, and amongst them that the execution did not follow the judgment, which he felt it his duty to accept, and asking time to procure the papers which had been returned to the superior court of the county from which the execution issued:

*Held,* that the discretion of the court in overruling a demurrer to the answer, no traverse having been filed, will not be controlled, it not appearing that the sheriff was in contempt, but on the contrary, that he was endeavoring to discharge his duty.

Rule. Sheriff. Levy and sale. Before Judge HOOD. Terrell Superior Court. May Term, 1880.

Reported in the opinion.

L. C. HOYL; C. B. WOOTEN, for plaintiff in error.

GUERRY & PARKS, by JACKSON & LUMPKIN, for defendant.

HAWKINS, Justice.

At the May term, 1880, of Terrell superior court, John B. Perry brought his petition for a rule against S. W. Christie, sheriff of said county, alleging that he had placed in the hands of said sheriff a *fi. fa.* in his favor against James W. Powell *et al.*, with instructions to levy it upon a lot of land and other property of said Powell. The sheriff levied the same upon a lot of land which was claimed by Thomas Powell. On the trial of the cause the property was found subject, and on writ of error to this court the finding was affirmed.

The sheriff was then ordered to sell the condemned land, and on proceeding to advertise and sell the same, an affidavit was filed by Powell and Mrs. Powell as executor and executrix of the defendant, James Powell, upon various grounds, one of which was that the execution was void because it did not follow the judgment. The affidavit was accepted and the papers returned to Calhoun superior court, from which court the *fi. fa.* issued. The petition prayed that the sheriff pay to plaintiff the sum of six hundred dollars, the supposed value of the land, and in default be attached for contempt.

To this rule the sheriff, on the next morning after the rule *nisi* was granted, answered that after the litigation ended in the supreme court, he proceeded to advertise the land for sale, when Mrs. Powell and N. M. Powell, who were the executors of J. W. Powell, filed with respondent an affidavit of illegality, as before stated, upon many grounds, one of which was that the judgment was void, and the *fi. fa.* did not follow the judgment. He accepted said affidavit and returned the papers to Calhoun superior court, and asked

the court to allow him time to obtain said papers to append to this, his answer. The lot of land was levied on as the property of the estate, and the executors had the legal right to file said affidavit, and it was his duty to accept the same. He says he acted in good faith in the premises and tried to do his duty. At the time he did not know what to do, and thought it was his duty to return said affidavit to the proper court, that the question might be decided by said court and protect respondent. If the court will allow him time, he can get said affidavit and show the court he has acted according to law.

The answer was amended by alleging that said *fi. fa.* was void in not following the judgment.

The plaintiff demurred to the answer, and filed no traverse thereto, which demurrer the court overruled and discharged the rule against the sheriff.

The plaintiff, Perry, assigns error in the refusal of the court to make the rule absolute.

It does not appear that the sheriff was in contempt of the court, but that he acted in good faith, and was trying to do his duty. It was a question of legal discretion of the court below in this equitable procedure, and we see no abuse of that discretion in refusing the rule absolute, and discharging the rule.

Judgment affirmed.